# Thomas S. Ellis's Appeal.

E. died leaving a widow and five brothers and sisters, or children of such. His will was merely: "I . . . give and bequeath to T. H., son of my sister J. H." [deceased] "only one sixth of such portion as the law would give to said J. H., and the remaining five sixths to be divided among my other sisters and brothers or their heirs;" after which he appointed executors and by codicils made certain specific bequests. *Held,* that as to all but J. H.'s share under the intestate laws and the specific legacies E. died intestate; that T. H. was entitled to one sixth of J. H.'s share; and that T. H. was also entitled to participate with the other next of kin and E.'s widow in the distribution of the residue under the intestate laws. Hancock's Appeal, 112 Pa. 532, 5 Atl. 56, followed.

(Argued March 19, 1888. Decided April 23, 1888.)

January Term, 1887, No. 443, E. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, CLARK, and WILLIAMS, JJ. Appeal from a decree of Common Pleas No. 1 of Philadelphia County distributing a fund paid into court under proceedings for the assessment of damages for the taking of land late of Thomas S. Ellis, deceased, by the Baltimore & Ohio Railroad Company, December Term, 1885, No. 865. Affirmed.

The court below distributed the proceeds in accordance with the opinion in Hancock's Appeal, 112 Pa. 532, 5 Atl. 56, in which the will of Thomas S. Ellis was construed as stated in the headnote, *supra.*

---

NOTE.—The heir at law is not to be disinherited except by express words, or by necessary implication. The question in expounding a will is not what the testator meant, but what is the meaning of his words. Bruckman's Estate, 195 Pa. 363, 45 Atl. 1078; Corr's Estate, 202 Pa. 391, 51 Atl. 1032; Schmidth's Estate, 183 Pa. 641, 38 Atl. 1086.

*M. Hampton Todd,* for appellant, relied on Eshleman's Appeal, 74 Pa. 42; and Person's Appeal, 74 Pa. 121, which were not cited in Hancock's Appeal.

*A. J. Rudderow,* for appellee, Thomas E. Hancock, made the same argument as that made by him for the appellant in Hancock's Appeal—which see, 112 Pa. 532, 5 Atl. 56.

PER CURIAM:

The learned counsel for the appellant has not succeeded in convincing us of a mistake in our previous disposition of the question involved in this case, and we must, therefore, affirm the decree of the court below.

The decree is affirmed and the appeal dismissed, at costs of appellant.